UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                              :     ECF CASE

In re SALOMON SMITH BARNEY
MUTUAL FUND FEES LITIGATION         :     No. 04-CV-4055 (NRB)


------------------------------------------------------------- x

### SUPPLEMENTAL MEMORANDUM OF LAW OF THE PROPRIETARY FUND AND REGISTRANT DEFENDANTS CONCERNING PLAINTIFFS' LACK OF STANDING

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Attorneys for Proprietary Fund
    and Registrant Defendants

2783322.4

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT:

    PLAINTIFFS DO NOT HAVE STANDING TO ASSERT ANY CLAIMS WITH RESPECT TO MUTUAL FUNDS OF WHICH THEY ARE NOT SHAREHOLDERS ................................................................. 1

CONCLUSION ...................................................................................................................... 4

## TABLE OF AUTHORITIES

### CASES

Ackerman v. National Prop. Analysts, Inc.,
 887 F. Supp. 494 (S.D.N.Y. 1992) ........................................................................2

Allee v. Medrano,
 416 U.S. 802 (1974) ..............................................................................................4

In re Bank of Boston Corp. Sec. Litig.,
 762 F. Supp. 1525 (D. Mass. 1991) ......................................................................2

Blue Chip Stamps v. Manor Drug Stores,
 421 U.S. 723 (1975) ..............................................................................................2

Bosio v. Norbay Sec., Inc.,
 599 F. Supp. 1563 (E.D.N.Y. 1985) .....................................................................3

City of Los Angeles v. Lyons,
 461 U.S. 95 (1983) ................................................................................................2

In re Eaton Vance Corp. Sec. Litig.,
 219 F.R.D. 38 (D. Mass. 2003) .........................................................................3,4

Greater Iowa Corp. v McLendon,
 378 F.2d 783 (8th Cir. 1967) ................................................................................2

Green v. Nuveen Advisory Corp.,
 186 F.R.D. 486 (N.D. Ill. 1999) ...........................................................................2

Herman v. Steadman,
 50 F.R.D. 488 (S.D.N.Y. 1970) ............................................................................4

Kauffman v. Dreyfus Fund, Inc.,
 434 F.2d 727 (3d Cir. 1970) ..............................................................................3,4

Lieber v. Invesco Funds Group, Inc., et al.,
 No. H-03-5744, slip op. (S.D. Tex. Jan. 19, 2005) ...............................................4

Lujan v. Defenders of Wildlife,
 504 U.S. 555 (1992) ..............................................................................................2

Mfrs. Hanover Trust Co. v. Smith Barney, Harris Upham & Co., Inc.,
 770 F. Supp. 176 (S.D.N.Y. 1991) .......................................................................2

MBIA Ins. Corp. v. Spiegel Holdings, Inc.,
 No. 03 CV 10097, 2004 WL 1944452 (S.D.N.Y. Aug. 31, 2004) ....................2,3

Nenni v. Dean Witter Reynolds,
   No. 98-12454-REK, 1999 U.S. Dist. LEXIS 23351 (D. Mass. Sept. 29, 1999)..................4

O'Shea v. Littleton,
   414 U.S. 488 (1974).................................................................................................2

In re Paracelsus Corp. Sec. Litig.,
   6 F. Supp. 2d 626 (S.D. Tex. 1998).......................................................................2,4

Roggow v. Dean Witter Reynolds, Inc.,
   Civ. No. 4-87-105, 1987 WL 43398 (D. Minn. Oct. 20, 1987)..................................3

Simon v. E. Ky. Welfare Rights Org.,
   426 U.S. 26 (1976)..................................................................................................2

Strougo v. Bassini,
   112 F. Supp. 2d 355 (S.D.N.Y. 2000)....................................................................3

Verrey v. Ellsworth,
   303 F. Supp. 497 (S.D.N.Y. 1969) ........................................................................2

Warth v. Seldin,
   422 U.S. 490 (1975)................................................................................................2

Weiner v. Winters,
   50 F.R.D. 306 (S.D.N.Y. 1970) ............................................................................4

Zucker v. AIM Advisors, et al.,
   No. H-03-5643, slip op. (S.D. Tex. Jan. 19, 2005)..................................................4

## STATUTES AND RULES

15 U.S.C. § 77k..............................................................................................................2
15 U.S.C. § 77l...............................................................................................................2
15 U.S.C. § 77o..............................................................................................................2
15 U.S.C. § 78t...............................................................................................................2
15 U.S.C. § 80a-47.........................................................................................................3
Fed. R. Civ. P. 12(b)(1)................................................................................................1,3
Fed. R. Civ. P. 12(h)(3)................................................................................................1,3

In addition to the many bases for dismissal of the Consolidated Amended Class Action Complaint (the "Complaint" or "Cplt.") detailed in the Memorandum of Law In Support of Defendants' Motion to Dismiss submitted on behalf of all defendants, the mutual funds (the "Proprietary Fund Defendants") listed in Exhibit "A" to the Complaint (Cplt. ¶ 48 and Exh. A) and the registrants (the "Registrant Defendants") listed in Exhibit "B" to the Complaint (Cplt. ¶ 49 and Exh. B) respectfully submit this supplemental memorandum of law to address Plaintiffs' lack of standing to assert claims on behalf of shareholders of Proprietary Funds in which Plaintiffs did not own shares during the purported class period, their Registrants and their Directors, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

## PLAINTIFFS DO NOT HAVE STANDING TO ASSERT ANY CLAIMS WITH RESPECT TO MUTUAL FUNDS OF WHICH THEY ARE NOT SHAREHOLDERS.

Plaintiffs seek to represent a class of all those "that purchased or held one or more shares or other ownership units of proprietary mutual funds organized and offered by Salomon Smith Barney, Inc. ("SSB") n/k/a Citigroup Global Markets, Inc., and its affiliates, from March 22, 1999 to March 22, 2004." (Cplt. ¶ 1.) This is far too broad. Plaintiffs name 88 Proprietary Fund Defendants and 36 Registrant Defendants, although they only allege they purchased or held shares in 20 of the Proprietary Funds during that period (Cplt. ¶¶ 18-40), and 23 of the Registrant Defendants are not associated with those funds. Moreover, the Complaint names 14 Directors who are not associated with the Proprietary Funds alleged to be purchased or held by Plaintiffs.[1]

Article III standing is a threshold issue in every case that must be decided first. In order to avoid immediate dismissal for lack of subject matter jurisdiction under Rules 12(b)(1)

---

[1] For the court's convenience, annexed to this memorandum, from the Complaint and other public filings, are lists of the Proprietary Funds Plaintiffs never purchased or held (Annex 1), the Registrant Defendants not associated with a Proprietary Fund either purchased or held (Annex 2) and the Directors not alleged to be associated with a Proprietary Fund either purchased or held (Annex 3).

and 12(h)(3), the plaintiff must have standing to sue. See, e.g., Warth v. Seldin, 422 U.S. 490, 498 (1975); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). See also Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976); O'Shea v. Littleton, 414 U.S. 488, 494 (1974). A plaintiff bears the burden of pleading and proving his standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

"Strict standing requirements are particularly important in the area of securities litigation, in order to curb the risks of vexatious litigation and abuse of discovery." In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1531 (D. Mass. 1991) (citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 749 (1975)). Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") by their express terms limit recovery to those who have purchased or sold securities. 15 U.S.C. §§ 77k, 77l; see MBIA Ins. Corp. v. Spiegel Holdings, Inc., No. 03 CV 10097, 2004 WL 1944452, at*2 (S.D.N.Y. Aug. 31, 2004); In re Paracelsus Corp. Sec. Litig., 6 F. Supp. 2d 626, 631 (S.D. Tex. 1998). Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") is similarly limited. Blue Chip Stamps, 421 U.S. at 749; Mfrs. Hanover Trust Co. v. Smith Barney, Harris Upham & Co., 770 F. Supp. 176, 179 (S.D.N.Y. 1991); Ackerman v. Nat'l Prop. Analysts, Inc., 887 F. Supp. 494, 502 (S.D.N.Y 1992). Standing to assert claims under the Investment Company Act of 1940 (the "ICA") is likewise limited to investors in the securities at issue. See Greater Iowa Corp. v McLendon, 378 F.2d 783, 793-94 (8th Cir. 1967); Verrey v. Ellsworth, 303 F. Supp. 497, 500 (S.D.N.Y. 1969). See also Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D. Ill. 1999).[2]

---

[2] Similarly, plaintiffs who do not have standing to bring primary securities actions on their own behalf under the Securities Act, Exchange Act and ICA also do not have standing to bring control claims under Section 15 of the Securities Act (15 U.S.C. § 77o), Section 20(a) of the Exchange Act (15 U.S.C. § 78t(a)), or Section 48(a) of the ICA (15 U.S.C. § 80a-47(a)), based thereon. See, e.g., MBIA Ins. Corp., 2004 WL 1944452, at **1, 6; Roggow v. Dean Witter Reynolds, Inc., Civ. No. 4-87-105, 1987 WL 43398, at *6 (D. Minn. Oct. 20, 1987); Bosio v. Norbay Sec., Inc., 599 F. Supp. 1563, 1565 (E.D.N.Y. 1985); In re Eaton

2783322.4

Courts have consistently held that a plaintiff who does not own shares in a fund lacks standing to bring an action on behalf of that fund or its shareholders. See Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 727 (3d Cir. 1970). In Kauffman, the plaintiffs owned shares in 4 mutual funds and brought ICA claims regarding brokerage payments made by those funds. The Third Circuit refused to allow the plaintiff to bring suit either as a class action or derivatively on behalf of 61 other similarly situated funds in which the plaintiffs did not hold shares. Id. at 734-36. The Third Circuit stated:

> It is uncontroverted that appellee is not now nor ever was a stockholder of any of the 61 funds he wishes to represent as a class representative in his derivative action. Thus, he had not complied with [Fed. R. Civ. P. 23.1's] unambiguous requirement-amounting to a legal principle-that one who does not own shares in a corporation is not qualified to bring a derivative action in his behalf.

Id. at 735.

In In re Eaton Vance Corp. Securities Litigation, 219 F.R.D. at 41, the plaintiffs sought to bring class action claims under Section 11 of the Securities Act against 4 funds, as well as their investment adviser and directors. However, the plaintiffs never purchased shares in 2 such funds (the "Institutional" and "Advisers" funds.) The court refused to allow the plaintiffs to bring a class action representing investors in those 2 funds:

> The named plaintiffs have therefore not been injured by Institutional and Advisers funds . . . The named plaintiffs' claim[s] against the Institutional and Advisers funds are therefore dismissed; the named plaintiffs are also precluded from representing investors who purchased shares in those two funds.

---

Vance Corp. Sec. Litig., 219 F.R.D. 38, 40 (D. Mass. 2003); Strougo v. Bassini, 112 F. Supp. 2d 355, 361 n.4 (S.D.N.Y. 2000).

- 3 -

Id. at 41 (citations omitted); see also Weiner v. Winters, 50 F.R.D. 306, 311 (S.D.N.Y. 1970); Herman v. Steadman, 50 F.R.D. 488, 489-90 (S.D.N.Y. 1970); Nenni v. Dean Witter Reynolds, Inc., No. 98-12454-REK, 1999 U.S. Dist. LEXIS 23351, at **2, 5-6 (D. Mass. Sept. 29, 1999) [3]

## CONCLUSION

Here, Plaintiffs purport to have purchased, held, and/or continue to hold shares in only 20 of the 88 Proprietary Funds listed in the Complaint. No Plaintiff purchased or held 68 of those Proprietary Funds during the purported class period. 23 of the 36 Registrant Defendants are not associated with the 20 purchased Proprietary Funds. The 68 Proprietary Funds (Annex 1) and 23 Registrants (Annex 2) must therefore be dismissed, together with 14 Director defendants who are not alleged to be associated with the 20 purchased Proprietary Funds (Annex 3).

Dated: May 27, 2005

Of Counsel:

Nancy K. McCabe (NM-2907)

WILLKIE FARR & GALLAGHER LLP

By: _/s/ Jeanne M. Luboja_
Jeanne M. Luboja   (JL-1994)

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Attorneys for Proprietary Fund and Registrant Defendants

---

[3] Plaintiffs may not overcome these strict standing requirements by claiming that other funds, in which no shares are owned, are "similarly situated" to funds in which Plaintiffs do own shares. See Paracelsus Corp., 6 F. Supp. 2d at 631 (named plaintiffs were not purchasers of defendants' shares and therefore lacked standing to sue despite the "virtually identical content of the prospectuses"); Kaufman, 434 F.2d at 735; Zucker v. AIM Advisors, et al., No. H-03-5643, slip op. (S.D. Tex. Jan. 19, 2005) (Werlein, J.) (dismissing claims for lack of standing, even though plaintiff alleged that the unpurchased fund shared "the same investment advisor, board of trustees, and marketing and distribution agent" as the purchased fund.); Lieber v. Invesco Funds Group, Inc., et al., No. H-03-5744, slip op. (S.D. Tex. Jan. 19, 2005) (Werlein, J.) (dismissing claims related to twenty-one mutual funds plaintiff did not purchase for lack of standing, even though plaintiff alleged that "ten of the disputed Funds [were] part of two trusts that also contain[ed] the two funds in which he own[ed] shares"). Nor can Plaintiffs obtain standing by attempting to bring causes of action on behalf of others who would have had standing had they been plaintiffs. See Allee v. Medrano, 416 U.S. 802, 828-29 (1974); Nenni, 1999 U.S. Dist. LEXIS 23351, at *5-6.