USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   July 08, 2011

**MANDATE**

08-0038-cv
Re: Salomon Smith Barney Mutual Fund Fees Litigation v.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

N.Y.S.D. Case #
04-cv-4055(PAC)

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel
2    Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day
3    of June, two thousand ten.
4
5    PRESENT:
6                RALPH K. WINTER
7                BARRINGTON D. PARKER,
8                     *Circuit Judges,**
9                CHARLES S. HAIGHT, JR.
10                    *District Judge.***
11    _____
12
13    The R.W. Grand Lodge of F. & A.M. of Pennsylvania, Larry D. Turner, Kathleen Fitzgerald, Chanda
14    Maxwell, Ryan Maxwell, Tony C. Evans, Michelle Gomez, Barbara Kopf, Lorraine Steele, Linda
15    Rotskoff, Julie A. May, Carol Chiumento, Ruth Kurby, Eric J. Clark, Vera Gould, R. Alan Mauer,
16    Nickolas J. Borders, Jerome Caplan, Dale E. Warfield, Jerome Frizzle, Magnoria R. Frizzle, Claus
17    Naehrig, Philip J. Rosewarne,
18
19                *Plaintiffs-Appellants,*
20
21    Salomon Funds Lead Plaintiff Movants,                    No. 08-0038-cv
22
23                *Plaintiff,*



_____

*The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The Honorable Ralph K. Winter was designated as the third member of this panel. *See* 2nd Cir. Internal Operating Procedures E(b).

** The Honorable Charles S. Haight, Jr., United States District Court Judge for the Southern District of New York, sitting by designation.

1    Smith Barney Massachusetts Municipals,
2
3             *Debtor,*
4
5
6          v.                                            No. 08-0038-cv
7
8    Salomon Brothers All Cap Value Fund, Salomon Brothers Balanced Fund, Salomon Brothers California
9    Tax Free Bond Fund, Salomon Brothers Capital Fund, Salomon Brothers High Yield Bond Fund,
10   Salomon Brothers International Equity, Salomon Brothers Investors Value Fund, Salomon Brothers
11   Large Cap Growth Fund, Salomon Brothers Mid Cap Fund, Salomon Brothers National Tax Free Bond,
12   Salomon Brothers New York Tax Free Bond Fund, Salomon Brothers SB Capital and Income Fund,
13   Salomon Brothers SB Growth & Income Fund, Salomon Brothers Short/Intermediate U.S. Government
14   Fund, Salomon Brothers Small Cap Growth Fund, Salomon Brothers Strategic Bond Fund, Smith Barney
15   Aggressive Growth Fund, Smith Barney All Cap Growth and Value Fund, Smith Barney Appreciation
16   Fund, Smith Barney Arizona Municipals Fund, Smith Barney Balance Portfolio, Smith Barney California
17   Municipals Fund, Smith Barney Classic Values Fund, Smith Barney Conservative Portfolio, Smith
18   Barney Diversified Large Cap Growth Fund, Smith Barney Diversified Strategic Income Fund, Smith
19   Barney Dividend and Income Fund, Smith Barney Financial Services Fund, Smith Barney Florida
20   Portfolio, Smith Barney Fundamental Value Fund, Smith Barney Georgia Portfolio, Smith Barney Global
21   All Cap Growth and Value Fund, Smith Barney Global Government Bond Portfolio, Smith Barney
22   Global Portfolio, Smith Barney Government Securities Fund, Smith Barney Group Spectrum Fund,
23   Smith Barney Growth Portfolio, Smith Barney Hansberger Global Value Fund, Smith Barney Health
24   Sciences Fund, Smith Barney High Growth Portfolio, Smith Barney High Income Fund, Smith Barney
25   Income Portfolio, Smith Barney Intermediate Maturity California Municipals Fund, Smith Barney
26   Intermediate Maturity New York Municipals Fund, Smith Barney International All Cap Growth
27   Portfolio, Smith Barney International Large Cap Fund, Smith Barney Investment Grade Bond Fund,
28   Smith Barney Large Cap Core Fund, Smith Barney Large Cap Growth and Value Fund, Smith Barney
29   Large Cap Value Fund, Smith Barney Large Capitalization Growth Fund, Smith Barney Limited Term
30   Portfolio, Smith Barney Managed Governments Fund, Smith Barney Managed Municipals Fund, Smith
31   Barney Mid Cap Core Fund, Smith Barney Municipal High Income Fund, Smith Barney National
32   Portfolio, Smith Barney New Jersey Municipals Fund, Smith Barney New York Portfolio, Smith Barney
33   Oregon Municipals Fund, Smith Barney Pennsylvania Portfolio, Smith Barney S & P 500 Index Fund,
34   Smith Barney SB Adjustable Rate Income Fund, Smith Barney SB Capital and Income Fund, Smith
35   Barney SB Convertible Fund, Smith Barney Short-Term Investment Grade Bond Fund, Smith Barney
36   Small Cap Core Fund, Smith Barney Small Cap Growth Fund, Smith Barney Small Cap Growth
37   Opportunities Fund, Smith Barney Small Cap Value Fund, Smith Barney Social Awareness Fund, Smith
38   Barney Technology Fund, Smith Barney Total Return Bond Fund, Smith Barney U.S. Government
39   Securities Fund, Collectively Known as the "Proprietary Funds," Citigroup Global Markets, Inc.,
40   formerly known as Salomon Smith Barney, Inc., formerly known as Salomon Smith Barney Holdings
41   Inc., Salomon Brothers Asset Management, Inc., Smith Barney Fund Management LLC, Citigroup Asset
42   Management, Catherine N. Gray, Jay R. Gerken, Clifford M. Kirtland Jr., Rosalind A. Kochman, Riordan
43   Roett, Jeswald W. Salacuse, Thomas F. Schlafly, Irving Sonnenschein, Elliot J. Berv, Donald M. Carlton,
44   A. Benton Cocanougher, Mark T. Finn, Diana Harrington, Susan B. Kerley, C. Oscar Morong Jr.,

1  Richardson Pettit, E. Kirby Warren, William Woods Jr., Les Gelb, Riley C. Gilley, Stephen Randolph
2  Gross, Alan G. Merten, Walter E. Robb III,
3
4                    *Defendants-Appellees,*
5
6  Smith Barney Adjustable Rate Government Income Fund, Smith Barney Concert Series Inc., **Smith**
7  **Barney Equity Funds,** Smith Barney Funds Inc., Smith Barney Institutional Cash Management Fund,
8  Smith Barney Investment Funds Inc., Smith Barney Investment Series, Smith Barney Investment Trust,
9  Smith Barney Money Funds Inc., Smith Barney Multiple Discipline Trust, Smith Barney Muni Funds,
10 Smith Barney Municipal Money Market Fund Inc., Smith Barney Sector Series Funds, **Smith Barney**
11 Principal Return Fund, Greenwich Street Series Fund, Smith Barney Shearson Aggressive Growth Fund
12 Inc, Smith Barney Shearson Fundamental Value Fund Inc, Smith Barney Shearson Managed
13 Governments Fund Inc., Smith Barney Shearson New Jersey Municipals Fund, Smith Barney Shearson
14 Telecommunications Trust, Travelers Series Fund Inc., Smith Barney Trust II, Smith Barney World
15 Funds Inc., Salomon Brothers Opportunity Fund Inc., Salomon Brothers Series Funds Inc., Smith Barney
16 Income Funds, Salomon Funds Trust, Smith Barney Allocation Series, Inc., Collectively Known as
17 "Proprietary Funds Registrants," Citigroup Global Markets Holdings, Inc., formerly known as Salomon
18 Smith Barney Holdings, Inc., CitiGroup, Inc., Dwight B. Crane, Joseph J. McCann, Burt N. Dorsett, Rose
19 C. Cornelius, Elliot S. Jaffe, John Does 1-100, Andrew L. Breech, William R. Hutchinson, Paul Hardin,
20 Lee Abraham, Paul Ades, Lloyd J. Andrews, Victor K. Atkins, Walter E. Auch, Herbert Barg, Allan J.
21 Bloostein, Martin Brody, Abraham E. Cohen, Paolo Cucchi, Jane F. Dasher, John Ellis, Donald R. Foley,
22 Robert A. Frankel, Robert M. Frayn Jr., Leon P. Gardner, Michael Gellert, Rainer N. Greeven, Richard
23 E. Hanson, Susan M. Heilbron, Frank G. Hubbard, Howard J. Johnson, Armon R. Kamesar, Stephen E.
24 Kaufman, David E. Maryatt, Jerome H. Miller, Ken Miller, John J. Murphy, George M. Pavia, Roderick
25 C. Rasmussen, John P. Toolan, Jerry A. Viscione, **Julie W. Weston,** Robert Lawless, Salomon Brothers
26 Emerging Markets Debt Fund Inc., Salomon Brothers Appreciation Fund Inc., Smith Barney Investment
27 Funds Inc/MD/, Smith Barney Shearson Oregon Municipal Fund,
28
29                    *Defendants.*[***]
30 _____

_____

[***] The Clerk of Court is respectfully directed to amend the official caption as shown above.

3

| | | |
|---|---|---|
| 1 | APPEARING FOR APPELLANTS: | JAMES J. SABELLA, Grant & Eisenhofer P.A., New York, |
| 2 | | NY (Jerome M. Congress, Janine L. Pollack, and John |
| 3 | | McFarlane, Milberg Weiss LLP, New York, NY; Charles |
| 4 | | J. Piven, Brower Piven, A Professional Corporation, |
| 5 | | Baltimore, MD; Jay W. Eisenhofer, Sidney S. Liebesman, |
| 6 | | and Naumon Amjed, Grant & Eisenhofer P.A., New York, |
| 7 | | NY, *on the brief), for Plaintiffs-Appellants.* |
| 8 | | |
| 9 | APPEARING FOR APPELLEES: | SEAN M. MURPHY (James N. Benedict, C. Neil Gray, and |
| 10 | | Andrew W. Robertson, *on the brief*), Milbank, Tweed, |
| 11 | | Hadley & McCloy LLP, New York, NY, *for Defendants-* |
| 12 | | *Appellees Citigroup Asset Management, Citigroup Global* |
| 13 | | *Markets Holdings Inc., Citigroup Global Markets Inc.,* |
| 14 | | *Citigroup Inc., Phillip W. Coolidge, Heath B. McLendon,* |
| 15 | | *R. Jay Gerken, Salomon Brothers Asset Management, Inc.,* |
| 16 | | *and Smith Barney Fund Management LLC.* |
| 17 | | |
| 18 | | JEANNE M. LUBOJA, Willkie Farr & Gallagher LLP, New |
| 19 | | York, NY (Joanna Rotgers, and Nancy McCabe, Willkie |
| 20 | | Farr & Gallagher LLP, New York, NY; Marc De Leeuw, |
| 21 | | Sullivan & Cromwell LLP, New York, NY, *on the brief*), |
| 22 | | *for Proprietary Fund, Registrant, and Independent* |
| 23 | | *Director Defendants-Appellees.* |
| 24 | | |

25      Appeal from an order of the United States District Court for the Southern District of New York

26  (Crotty, *J.*).  UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED

27  that the December 3, 2007 order of the district court be AFFIRMED in part and VACATED in part, and

28  the case REMANDED for further proceedings consistent with this order.

29      Plaintiffs-Appellants, investors in various mutual funds organized by Salomon Smith Barney

30  (n/k/a Citigroup Global Markets Inc.) ("SSB"), appeal from a December 4, 2007 final judgment of the

31  United States District Court for the Southern District of New York (Crotty, *J.*) dismissing two complaints

32  for failure to state a claim.  Plaintiffs' First Consolidated Amended Class Action Complaint (the "CAC")

33  asserted thirteen claims for relief under various state and federal laws including, sections 11 and 12(a)(2)

34  of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. §§ 77k and 77*l*(a)(2), section 10(b) of the

1    Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

2    thereunder, 17 C.F.R. § 240.10b-5, and section 36(b) of the Investment Company Act of 1940 (the

3    "ICA"), 15 U.S.C. § 80a-35(b).

4         In a decision and order entered July 26, 2006, Judge Crotty granted Defendants' motion to

5    dismiss all claims raised in the CAC. *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp.

6    2d 579 (S.D.N.Y. 2006) ("*SSB I*"). The court dismissed the ICA section 36(b) claim on three grounds:

7    (1) Plaintiffs were required to, but did not, plead those claims derivatively; (2) Plaintiffs did not clearly

8    allege that the compensation complained of was received by investment advisers or affiliates, the only

9    people liable under section 36(b), and (3) Plaintiffs failed to allege sufficient factual allegations as to why

10    the total amount of fees was so disproportionately large that it could not have been the product of arm's-

11    length bargaining. *Id.* at 597-603. However, the court granted Plaintiffs leave to replead their section

12    36(b) claim derivatively. *Id.* at 603.

13         The court dismissed Plaintiffs' federal securities claims because Plaintiffs failed to properly

14    allege loss causation. *Id.* at 588-91. The court also found that Plaintiffs did not have standing to assert

15    federal securities claims with respect to funds in which they did not own shares, and on that basis,

16    dismissed all claims against Defendants whose only connection to the suit was to those funds. *Id.* at 608.

17         In a Second Consolidated Amended Complaint (the "SCAC") filed on October 16, 2006,

18    Plaintiffs repleaded their section 36(b) claim derivatively. In a decision and order entered December 3,

19    2007, the district court again dismissed the section 36(b) claim, this time with prejudice, because

20    Plaintiffs' allegations failed to satisfy the standard established by this Court in *Gartenberg v. Merrill*

21    *Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982). *In re Salomon Smith Barney Mut. Fund*

22    *Fees Litig.*, 528 F. Supp. 2d 332 (S.D.N.Y. 2007) ("*SSB II*").

1        We assume the parties' familiarity with the underlying facts, which are aptly summarized by the

2        district court in *SSB I*, and the issues presented on appeal.

3        We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure

4        12(b)(6) for failure to state a claim *de novo*. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 110 (2d Cir.

5        2010).

6

7      I. Securities Fraud Claims

8        We affirm dismissal of Plaintiffs' securities fraud claims for substantially the same reasons

9        articulated by the district court. Plaintiffs have failed to adequately tie a material misrepresentation or

10       omission to an economic loss. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005); *see also*

11       *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005) ("[T]o establish loss causation,

12       a plaintiff must allege that the subject of the fraudulent statement or omission was the cause of the actual

13       loss suffered . . . ." (internal quotation mark and alteration omitted)). In other words, Plaintiffs do not

14       plead sufficient facts to support an inference that the information omitted or misrepresented regarding

15       improper steering, excessive fees, and conflicted transactions proximately caused a decline in the value

16       of their mutual fund shares.

17

18      II. ICA Claims

19       Section 36(b) of the ICA imposes a fiduciary duty on a mutual fund's investment adviser "with

20       respect to the receipt of compensation for services." 15 U.S.C. § 80a-35(b). Section 36(b) also provides

21       a private right of action to a mutual fund investor, against the fund's investment adviser, "for breach of

22       fiduciary duty in respect of such compensation" paid to the investment adviser by the fund. *Id.* In *Jones*

23       *v. Harris Associates L.P.*, the Court adopted this Circuit's approach in *Gartenberg* as a proper

1    formulation for determining whether mutual fund fees violate section 36(b).  130 S. Ct. 1418, 1425-26

2    & n.5 (2010) (citing *Gartenberg*).  Under *Gartenberg*, "the test is essentially whether the fee schedule

3    represents a charge within the range of what would have been negotiated at arm's-length in the light of

4    all of the surrounding circumstances."  694 F.2d at 928.  In applying this test, "all pertinent facts must

5    be weighed" to determine whether an investment adviser's compensation constitutes a breach of

6    fiduciary duty to mutual fund investors. *Jones*, 130 S. Ct. at 1425 (citing *Gartenberg*, 694 F.2d at 929).

7            Applying this standard, we find that dismissal of most of Plaintiffs' section 36(b) claims was

8    warranted.  However, Plaintiffs' allegations regarding fees for transfer agent services state a claim. *See*

9    SCAC ¶¶ 85-86.  Plaintiffs allege that Defendants caused the SSB Funds to negotiate a contract with an

10   SSB affiliate to replace the Funds' existing transfer agent.  Once it replaced the existing agent, the SSB

11   affiliate then sub-contracted with that agent to continue to perform virtually the same services that it had

12   previously performed, but at a steep discount.  Rather than pass the resulting savings on to investors in

13   the form of lower fees, SSB's affiliate kept the windfall, permitting Defendants to profit at the expense

14   of the SSB Funds and their investors.

15           In our view, the transfer agent arrangement alleged in the SCAC constitutes a garden variety

16   breach of fiduciary duty.[1]  We recently considered similar allegations in a case argued in tandem with

17   this one, and involving some of the same defendants. *See Operating Local 649 Annuity Trust Fund v.*

18   *Smith Barney Fund Mgmt. LLC*, 595 F.3d 86 (2d Cir. 2010).  In *Operating Local 649*, we determined

19   that, as a result of the alleged transfer agent arrangement, the "shareholders were being grossly

20   overcharged for transfer agent services and [the investment adviser] was reaping the benefits." *Id.* at 93.

21   In effect, "the Fund investors . . . were at the mercy of a faithless fiduciary." *Id.*  We have little trouble

---

[1] *See generally,* Press Release, Securities and Exchange Commission, Citigroup to Pay $208 Million to Settle Charges Arising from Creation of Affiliated Transfer Agent to Serve Its Proprietary Mutual Funds (May 31, 2005), http://www.sec.gov/news/press/2005-80.htm (last visited June 8, 2011).

1    concluding that, as alleged, transfer agent services fees resulting from this particular arrangement bear

2    no reasonable relationship to the services rendered, could not have been the product of arm's length

3    bargaining, and as a result, adequately support an alleged violation of section 36(b).  This conclusion is

4    reinforced by reference to certain *Gartenberg* factors.  *See Amron v. Morgan Stanley Inv. Advisors Inc.*,

5    464 F.3d 338, 340 (2d Cir. 2006) (listing *Gartenberg* factors).  For example, with respect to the nature

6    and quality of services provided, the alleged transfer agent scheme suggests that Plaintiffs overpaid for

7    the transfer agent services that they received under the renegotiated contract.  Defendants knowingly

8    inflated the price of the transfer agent services provided to Plaintiffs and pocketed the difference between

9    what they charged and what the services were worth.[2]  Thus, we remand to the district court for

10    reconsideration of Plaintiffs' section 36(b) claim regarding the transfer agent fees.

11          We have considered the parties' remaining claims and find them to be without merit.[3]

12    Accordingly, for the foregoing reasons, the judgment of the district court with respect to Plaintiffs' 1933

13    Act and 1934 Act claims is **AFFIRMED**, while the judgment with respect to their ICA section 36(b)

14    claim is **VACATED** and **REMANDED** for further proceedings consistent with this order.

15          FOR THE COURT:

16          Catherine O'Hagan Wolfe, Clerk

17

18

---

[2] Because the transfer agent services arrangement was only vaguely referenced, if at all, in the CAC, our conclusion with respect to Plaintiffs' securities fraud claims remains unchanged.

[3] Because we affirm dismissal of Plaintiffs' securities fraud claims, we do not consider whether the named Plaintiffs can bring securities claims on behalf of investors in SSB Funds in which the named Plaintiffs did not invest.

8

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit